IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE M. KINNISON, Individually;<br><br>Plaintiff,<br><br>vs.<br><br>ABRAHAMS KASLOW & CASSMAN, LLP,<br><br>Defendant. | 8:23CV42<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's ("AKC's") motion to dismiss the First Amended Complaint (Filing No. 24) filed by Plaintiff, Julie Kinnison, after this Court's prior dismissal of her complaint (Filing No. 21). Filing No. 25. Kinnison brings this action under the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., seeking a civil penalty for AKC's failure to provide certain documents within 30 days after written request pursuant to 29 U.S.C. § 1132(a)(1)(A) and for equitable relief against AKC for breach of fiduciary duties. Filing No. 24.

Kinnison did not file an opposition to the motion. Instead, she filed a motion for leave to file a second amended complaint. Filing No. 27. AKC opposes Kinnison's motion and asserts it is not properly before this Court because it fails to comply with Local Rule 15.1. Filing No. 28.

**BACKGROUND**

Kinnison is the surviving spouse of R. Craig Fry, who died on July 26, 2020. Filing No. 24 at 2. At the time of Fry's death, he was a participant in the AKC 401(k) Profit Sharing Plan ("the Plan"). *Id.* AKC is a law firm and is the Plan sponsor and administrator. *Id.*

1

As Fry's surviving spouse, Kinnison was the sole designated beneficiary of Fry's Plan account pursuant to ERISA and the terms of the Plan. *Id.* at 3. Kinnison never executed a "Qualified Spousal Waiver", and AKC did not have a "Qualified Spousal Waiver" on file for the Plan at the time of Fry's death. *Id.* AKC never informed Kinnison that, as Fry's surviving spouse, she was the beneficiary of his 401(k) account. *Id.* at 4. Kinnison alleges AKC informed her she was not the Plan beneficiary. *Id.*

AKC was legal counsel for the personal representative of Fry's Estate in multiple Nebraska state proceedings in a position adverse to Kinnison. Filing No. 24 at 2. According to Kinnison, AKC's failure to inform her she was the beneficiary of Fry's 401(k) account, induced her to compromise the benefits due to her under the Plan. *Id.* at 6.

Kinnison also contends AKC failed to provide her designated representative with a copy of the Plan documents within 30 days after written request. *Id.* at 9. "Defendants willfully or negligently withheld information from Plaintiff and her legal representative that would have put her on notice that she was the sole beneficiary of the ERISA Plan as the surviving spouse of Decedent Fry." *Id.*

Kinnison's action is solely against AKC as "the Plan Sponsor for breach of fiduciary duties". *Id.* at 2. She seeks "damages from the Defendant's own assets" and does not seek recovery of Plan Assets. *Id.* Kinnison seeks a judgment awarding her a monetary payment for the damages and losses caused by AKC's breaches of fiduciary duties, including reimbursement of costs and fees needlessly expended by Kinnison, "make whole" relief, and civil penalties. *Id.* at 10.

**STANDARD OF REVIEW**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**DISCUSSION**

Kinnison's first amended complaint arises under provisions of ERISA that provide equitable relief to redress breach of fiduciary duties, 29 U.S.C. § 1132(a)(3), and a civil penalty, 29 U.S.C. § 1132(c)(1), for AKC's failure or refusal to provide certain documents within 30 days after written request. Filing No. 24. According to Kinnison, "[t]his is an action solely against the Plan Sponsor and Plan Administrator for breach of fiduciary duties seeking damages from the Defendant's own assets and is not an action seeking recovery of Plan Assets." *Id.* at 1.

**Claims for Breach of Fiduciary Duties**

AKC argues Kinnison's fiduciary claims alleged in Counts I, II and III must be dismissed because she does not plead any loss to the Plan and does not seek any recovery to the Plan. Filing No. 26 at 22. Instead, Kinnison seeks only to recover damages for her losses caused by AKC's breach of fiduciary duties. *Id.* An issue similar to that presented by Kinnison's first amended complaint was resolved by an earlier Eighth Circuit case considering ERISA claims under § 1132(a)(3). See *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938 (8th Cir. 1999).

> Section 1132(a)(3) allows a participant or beneficiary to bring suit '(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.' This section allows an individual plan participant to seek equitable remedies in his individual capacity for a breach of fiduciary duty not specifically covered by the other enforcement provisions of section 1132. See *Varity Corp. v. Howe,* 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) …. Kerr argues that Vatterott & Co. breached its fiduciary duty as plan administrator by wrongfully withholding payment of his plan funds and that he was injured because he could have earned more than the 'paltry' return earned by the plan if his funds had not been wrongfully withheld….

4

> Though the Supreme Court characterized section 1132(a)(3) as a 'catchall' or 'safety net,'… section 1132(a)(3) is not a limitless free-for-all. The plain language of the statute limits relief to 'appropriate equitable relief.' The Supreme Court confirmed that section 1132(a)(3) recovery is limited to classic equitable remedies such as injunctive, restitutionary, or mandamus relief, and does not extend to compensatory damages. See *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 256-58, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)…
>
> ***
>
> To summarize, section 1132(a)(3) provides relief for the individual harm that Kerr may have suffered from Vatterott & Co.'s breach of its fiduciary duties, but limits his recovery to 'appropriate equitable relief,' which includes injunctive, restitutionary, and mandamus relief, but does not include compensatory damages.

*Kerr*, 184 F.3d at 943–44.

The issue in *Kerr* concerned whether the monetary damages the plaintiff sought for the defendant's alleged fiduciary violations would be considered restitution or compensatory. In concluding the plaintiff's requested relief was not recoverable as "'appropriate equitable relief' under ERISA section 1132(a)(3), the appellate court noted:

> A restitutionary award focuses on the defendant's wrongfully obtained gain while a compensatory award focuses on the plaintiff's loss at the defendant's hands. Restitution seeks to punish the wrongdoer by taking his ill-gotten gains, thus, removing his incentive to perform the wrongful act again. Compensatory damages on the other hand focus on the plaintiff's losses and seek to recover in money the value of the harm done to him.
>
> ***
>
> Kerr is seeking monetary damages for the difference between what he says he could have earned and what he in fact earned …. He is not claiming lost benefits payable under the plan, but losses he allegedly suffered as a consequence of the plan administrator's failure to timely distribute his accumulated account to him …. If we focus on Vatterott & Co.'s zero gain, rather than Kerr's alleged loss, there is nothing to disgorge. Thus, Kerr's

5

claim is not a claim for restitution. '[W]hat [Kerr] in fact seeks[s] is nothing other than compensatory damages—monetary relief for all losses [he] sustained as a result of the alleged breach of fiduciary duties.' Mertens, 508 U.S. at 255, 113 S.Ct. 2063 (1993).

Kerr, 184 F.3d at 944–45 (internal citations omitted).

In the case at bar, Kinnison specifically pleads that she "is entitled to be awarded judgment and relief against the Defendant for the damages and losses caused by the Defendant, including but not limited to, … monetary payment … to make good … the losses resulting from" AKC's alleged breaches of fiduciary duties in Counts I, II, and III. Filing No. 24 at 10. The damages Kinnison seeks are generally compensatory in nature but can also be considered restitution if the plan had paid Kinnison the benefits she was entitled. Further discovery is necessary to flesh out the nature of the restitution requested by the plaintiff. Consequently, the Court denies the AKC's motion to dismiss counts I, II, and III.

**Failure to Provide Requested Plan Documents**

In Count IV of Kinnison's first amended complaint, she alleges AKC violated 29 U.S.C. § 1132(c)(1) in refusing or failing "to provide Plaintiff's designated representative with a copy of the Plan documents within 30 days after written request for them." Filing No. 24 at 9. AKC contends Count IV must be dismissed because Kinnison does not sufficiently plead facts to support her allegation that she made a written request for the Plan documents that were not provided within 30 days after her written request. Filing No. 26 at 21. AKC's argument is without merit.

> Under 29 U.S.C. § 1024(b)(4), the plan administrator, upon written request, is required to furnish certain enumerated reports to plan participants. Section 1132(c)(1)(B) penalizes the plan administrator for failure to supply requested information within thirty days of the request by making the administrator 'in the court's discretion[,] personally liable to such participant

6

> or beneficiary in the amount of up to $100 a day from the date of such failure or refusal….' 29 U.S.C. § 1132(c)(1).
>
> \*\*\*
>
> [In *Kerr*, the Plaintiff] had the burden of proving the elements of his claim. Section 1024(b)(4) requires a plan administrator to provide enumerated documents, including the plan description, to participants 'upon written request.' Thus, Kerr had to prove that: 1) he requested the plan description in writing, and 2) Vatterott & Co. failed to provide it.

*Kerr, supra*, at 946–47.

The allegations in Count IV of Kinnison's first amended complaint are sufficient to put AKC on notice of what the claim is and the grounds upon which it rests; therefore, Kinnison is entitled to move forward in the litigation to present evidence in support of her claim. Accordingly, AKC's motion to dismiss Count IV of the first amended complaint is denied.

**Motion for Leave to File Second Amended Complaint**

Kinnison did not file an opposition to AKC's motion to dismiss. Instead, she filed a motion for leave to file a second amended complaint. Filing No. 27. AKC opposes Kinnison motion for leave to file a second amended complaint on the ground her motion does not comply with the local rule which provides:

> A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments. Except as state in these rules or court order, the proposed amended pleading must be a complete pleading that, if allowed to be filed, supersedes the original pleading in all respects; no part of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties.

NECivR 15.1(a).

7

Kinnison's proposed second amended complaint is not unsigned, and her motion does not state whether it is unopposed or opposed. Filing No. 27. AKC argues this Court should deny Kinnison's motion because it does not comply with the local rule. Filing No. 28.

In light of the Court's ruling concerning recovery of restitution and not compensation, an amended petition is in order. The Court grants the plaintiff's motion to amend. The plaintiff will have thirty days to file a second amended petition.

**THEREFORE, IT IS ORDERED THAT:**

1. The Defendant's motion to dismiss with prejudice (Filing No. 25) is denied as to Counts I, II, and III of Plaintiff's first amended complaint.
2. The Defendant's motion to dismiss Count IV of Plaintiff's first amended complaint is denied.
3. The Plaintiff's motion for leave to file a second amended complaint (Filing No. 27) is granted.

Dated this 18th day of December, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge