# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JULIE M. KINNISON, Individually;** | |
| **Plaintiff,** | **8:23CV42** |
| vs. | |
| **ABRAHAMS KASLOW & CASSMAN, LLP, as ERISA Plan Sponsor and Administrator; and ABRAHAMS KASLOW & CASSMAN, LLP, as former legal counsel for the Estate of R. Craig Fry;** | **PROTECTIVE ORDER** |
| **Defendants.** | |

Upon consideration of the parties' joint request for entry of a Protective Order in their Rule 26(f) Report, (Filing No. 41), the Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1) **Definitions**. As used in this Order:

   a. Action refers to the above-captioned litigation.

   b. Discovery Material includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel, or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

   c. A Producing Party is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

   d. A Receiving Party is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

2) **Confidential Discovery Material.** This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, confidential Discovery Material shall include:

a. Commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

b. Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

c. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

d. Medical or mental health information;

e. Records restricted or prohibited from disclosure by statute; and

f. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

3) **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

a. As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

b. If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

    c. If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is CONFIDENTIAL.

Counsel for a disclosing party may further designate confidential Discovery Material as CONFIDENTIAL--ATTORNEYS' EYES ONLY if such counsel concludes in good faith that the material is or contains non-public information that is highly sensitive proprietary information including, but not limited to, trade secrets, privileged information, or nonpublic technical, financial, personal or business information. Discovery Material designated as CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY means any document which bears the legend CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY or, if it is not feasible to label the Discovery Material, which the producing party indicates via cover letter or otherwise at the time of production as CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY.

4) **Timing of Confidential Designation.**

    a. Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    b. If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed "CONFIDENTIAL." After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY as required under this order.

5) **Qualified Recipients.** For the purposes of this Protective Order, the persons authorized to receive confidential Discovery Material (hereinafter "Qualified Recipient") are:

For information designated as CONFIDENTIAL:

    a. The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

    b. Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

c. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

d. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action, so long as such persons agree to maintain the confidential Discovery Material in confidence per the terms of this Order, and provided that such persons may only be shown copies of confidential Discovery Material and may not retain any such material;

e. Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the CONFIDENTIAL information, and the staff and assistants employed by the consulting or testifying experts;

f. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

g. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

h. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

i. The court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

j. Any auditor or regulator of a party entitled to review the confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

For information designated as "CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY":

a. Legal counsel representing the Receiving Parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

    b. Consulting or testifying experts for the Receiving Party, defined to include only those experts retained or employed to assist the Receiving party in preparing for trial or any other proceeding in the Action and who need access to the CONFIDENTIAL INFORMATION-ATTORNEYS EYES ONLY information to provide such assistance, and who are not employed by, or an agent or representative for, the Receiving Party, nor anticipated to become an employee, agent or representative of the Receiving Party in the near future;

    c. If necessary to promote alternative dispute resolution, any mediator or arbitrator (and their assistants or staff) retained by the parties who needs access to the CONFIDENTIAL INFORMATION-ATTORNEYS EYES ONLY information to assist the parties with resolving the claims of this Action;

    d. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony; and

    e. The court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors.

6) **Dissemination by the Receiving Party**. Counsel for the Receiving Party shall:

    a. Require Qualified Recipients who are non-expert witnesses or expert witnesses and consultants and who receive information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY to review and agree to the terms of this Protective Order and execute a copy of the Agreement attached hereto as Appendix A before receiving confidential Discovery Material.

    b. Instruct witnesses, consultants, and outside counsel who assist with case preparation or represent a witness that disclosure of the information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY is prohibited as set forth herein.

    c. Maintain a list of any confidential Discovery Material disclosed and to whom, along with the executed copies of the Appendix A Agreement.

The prohibition on disclosing information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY exists and is enforceable by the court even if the person receiving the information fails or refuses to sign the Appendix A Agreement.

7) **Duty as to Designations**. Each Producing Party that designates information or items as CONFIDENTIAL and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or

5

written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

8) **Limitations on Use**. Confidential Discovery Material shall be used by the Receiving Party only to prepare for and conduct proceedings herein and not for any business or other purpose whatsoever.

9) **Maintaining Confidentiality.** Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Each party, each Qualified Recipient, and all counsel representing any party, shall use their best efforts to maintain all information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY in such a manner as to prevent access, even at a hearing or trial, by individuals who are not Qualified Recipients. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

10) **Copies.** Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to Qualified Recipients, without the written permission of the Producing Party or, in the alternative, by order of the court. However, nothing herein shall restrict a Qualified Recipient from loading confidential documents into document review platforms or programs for the purposes of case or trial preparation or making working copies, abstracts, digests, and analyses of information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY under the terms of this Protective Order.

11) **Docket Filings.** All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the court for any purpose and that contain Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file Discovery Material under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

12) **Depositions.** The following procedures shall be followed at all depositions to protect the integrity of all Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY:

    a. Only Qualified Recipients may be present at a deposition in which such information is disclosed or discussed.

    b. All deposition testimony which discloses or discusses information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY is likewise deemed designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY.

    c. Information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY may be used at a nonparty deposition only if necessary to the testimony of the witness.

13) **Challenges to Confidentiality Designations**. A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. If a written motion and briefing are necessary and the information in dispute must be reviewed by the court to resolve that motion, the confidential information shall be filed under restricted access pursuant to the court's electronic docketing procedures. The party that produced the information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY bears the burden of proving it was properly designated. The party challenging a "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

14) **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the court for an order that Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

15) **Return or Destruction of Documents.** Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY. The destroying party shall notify the producing party when destruction under this provision is complete. If a party is unable to destroy all Discovery Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY, that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

16) **Modification.** This Protective Order is entered without prejudice to the right of any party to ask the court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order when convenience or necessity requires. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the court.

17) **Additional Parties to Litigation.** In the event additional parties are joined in this action, they shall not have access to Discovery Material as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the court, its agreement to be fully bound by this Protective Order.

18) **Sanctions**.

    a. Any party subject to the obligations of this order who is determined by the court to have violated its terms may be subject to sanctions imposed by the court under Rule 37 of the Federal Rules of Civil Procedure and the court's inherent power.

    b. Confidentiality designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily prolong or encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. Upon discovering that information was erroneously designated as CONFIDENTIAL and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY, the Producing Party shall promptly notify all other Parties of the improper designation

19) **Inadvertent Disclosure of Protected Discovery Material**.

    a. A Producing Party that inadvertently fails to properly designate Discovery Material as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY shall have 14 days from discovering the oversight to correct that failure. Such failure shall be corrected by providing written notice of the error to every Receiving Party.

    b. Any Receiving Party notified that confidential Discovery Material was received without the appropriate confidentiality designation as authorized under this order shall make reasonable efforts to retrieve any such documents distributed to persons who are not Qualified Recipients under this order, and as to Qualified Recipients, shall exchange the undesignated or improperly designated documents with documents that include the correct "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY designation.

20) **Disclosure of Privileged or Work Product Discovery Material**.

    a. The production of attorney-client privileged, or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    b. Any party who discloses documents that are privileged or otherwise immune from discovery shall promptly upon discovery of such disclosure, advise the Receiving Party and request that the documents be returned. The Receiving Party shall return such produced documents or certify their destruction, including all copies, within 14 days of receiving such a written request. The party returning such produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

Dated this 3rd day of July, 2024.

                                          BY THE COURT:

                                          *s/*Michael D. Nelson
                                          United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JULIE M. KINNISON, Individually;** | |
| **Plaintiff,** | **8:23CV42** |
| vs. | |
| **ABRAHAMS KASLOW & CASSMAN, LLP, as ERISA Plan Sponsor and Administrator; and ABRAHAMS KASLOW & CASSMAN, LLP, as former legal counsel for the Estate of R. Craig Fry;** | **EXHIBIT A** |
| **Defendants.** | |

  I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

  Dated this \_\_\_\_ day of _____, 2024.

_____  _____
Printed Name               Signature